ZERILDA BURTON, ALIAS STORMES, *v.* C. C. STORMES, ET AL.

**Divorce—Alimony—No Retroactive Lien on Husband's Property.**

Unlike initial dower, alimony is never iniated or becomes potential until a divorce, or the commencement of a suit for it, and the husband's property, divested by mortgage or otherwise, cannot be attacked by a retroactive lien on it for alimony.

APPEAL FROM GARRARD CIRCUIT COURT.

December 18, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the mortgage debts exhaust the assets and the testimony of the divorced husband as to outside liabilities to his father and brother, however false it may be, cannot, therefore, harm the appellant, we need not say whether the circuit court ought to have disregarded his statements.

On the record as now presented, the appellant can get nothing unless her supplemental petition for alimony can avail her. But, unlike initial dower, alimony is never initiated or becomes potential until a divorce, or the commencement of a suit for it. And,

the property having been all divested by mortgage and deed of trust, there was no retroactive lien on it for contingent alimony.

Wherefore, the judgment must be *affirmed*.

*Bradleys, for appellant.*

*Dunlap, for appellees.*